THIRD DEPARTMENT, JANUARY, 2002

(January 2, 2002)

■ In the Matter of LARA P. ANDREW, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS,

Petitioner. [736 NYS2d 125] —Per Curiam. Respondent was admitted to practice by this Court in 1994. She maintains a home office in the City of Schenectady, Schenectady County.

Respondent's boat was damaged during operation on the Mohawk River. In order to cover the cost of repairs, she subsequently obtained physical damage insurance for the boat and then filed an insurance claim falsely stating that the accident occurred after she had amended the policy. Petitioner charged respondent with having engaged in illegal conduct involving dishonesty, fraud, deceit and misrepresentation, and conduct that adversely reflects on her fitness as an attorney, in violation of this Court's attorney discipline rules (see, Code of Professional Responsibility DR 1-102 [a] [3]-[5], [7] [22 NYCRR 1200.3 (a) (3)-(5), (7)]). Having granted petitioner's motion for an order declaring that no factual issues are raised by the pleadings and having heard respondent in mitigation, we find respondent guilty of the charged misconduct and conclude that, under the particular circumstances presented, her misconduct warrants her suspension from practice for a period of one year.

Mercure, J. P., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of one year and until further order of this Court, effective immediately; and it is further ordered that, for the period of her suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; she is forbidden from appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, and from giving any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see, 22 NYCRR 806.9).